DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Fulton County Court of Common Pleas, which granted summary judgment to appellees Lise C. Peebles, as executor of the estate of Jack A. Peck, and Lise C. Peebles, individually. For the reasons stated herein, we reverse the judgment of the trial court.
The relevant facts of this case are as follows. Appellees Lise C. Peebles and Jack A. Peck[1] (collectively referred to as "appellees") were injured in a motor vehicle collision on October 25, 1998. On July 29, 1999, the parties commenced the instant action against, inter alia, appellant, Owners Insurance Company ("Owners"), and the alleged tortfeasor. On August 30, 1999, Owners filed its answer and counterclaim for declaratory judgment.
On January 18, 2000, Owners filed a motion for summary judgment on its declaratory judgment action. Owners argued that because the tortfeasor's auto insurance limits were equal to or exceeded any potential underinsurance coverage under Peebles' Owners auto policy, un/underinsured coverage was not available.
Appellees filed a memorandum in opposition on December 11, 2000. Appellees did not dispute that, under the setoff provisions of R.C.3937.18(A)(2), it appeared that un/underinsured coverage was not available under the auto policy; rather, appellees claimed the un/underinsured coverage was also available under Peebles' Owners homeowner's policy. The policy's effective date was September 28, 1998, and was in effect on the date of the collision.
In reply, Owners argued that un/underinsured coverage was not available under the homeowner's policy because the policy failed to specifically identify any motor vehicle as provided under R.C. 3937.18(L)(1). Further supplemental authority and memoranda were filed, and on March 30, 2001, the parties stipulated that their arguments as to the applicability of Peebles' homeowner's policy also applied to Peck's homeowner's policy, effective May 25, 1998.
On October 10, 2001, the trial court found that genuine issues as to the applicability of the homeowner's policies precluded summary judgment. However, on October 23, 2001, upon the request of the parties to render a final appealable decision on the merits, the trial court denied Owner's motion and found that additional underinsured coverage was available under the homeowner's policies. Owners filed a timely notice of appeal.
Owners sets forth the following assignment of error:
 "THE COURT BELOW ERRED TO THE PREJUDICE OF APPELLANT BY RULING THAT A HOMEOWNER'S POLICY CONTAINED UN/UNDERINSURED MOTORISTS COVERAGE BY OPERATION OF LAW."
Upon review of the record and the relevant statutory and case law, we find that Owner's assignment of error is found well-taken on the authority of this court's decision in Burkholder v. German Mut. Ins. Co. (Mar. 15, 2001), Lucas App. No. L-01-1413, unreported. The judgment of the Fulton County Court of Common Pleas is reversed, and the case is remanded for further proceedings consistent with this decision. Costs of this appeal are assessed to appellees.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.
[1] Mr. Peck, Peebles' father, died on March 8, 2000.